E-FILED

Monday, 18 April, 2005 02:46:33 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE CENTRAL DISTRICT OF ILLINOIS**

FILED

APR 1 4 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:     THE ESTATES OF: | ) |
| KAELA ELIZABETH SLINEY, a minor, and | ) |
| JOSHUA MATTHEW SLINEY, a minor. | ) |
| _____ | ) |
| | ) Case #   05-1114 |
| JOSEPH T. SCHNEIDER and JOAN M. | ) |
| SCHNEIDER, | ) |
| Petitioners/Respondents, | ) |
| and | ) |
| MARK E. SLINEY and AMY J. SCHNEIDER, | ) |
| Respondents/Petitioners, | ) |
| and | ) |
| THE HONORABLE JOHN K. GREANIAS, in his | ) |
| Individual, as well as, Official Capacity, | ) |
| THE HONORABLE ALBERT G. WEBBER IV, in | ) |
| his Individual, as well as, Official Capacity, | ) |
| THE HONORABLE SCOTT B. DIAMOND, in his | ) |
| Individual, as well as, Official Capacity, | ) |
| JAMES T. JACKSON, *Attorney for the Petitioners,* | ) |
| BRIDGET C. HOGAN *Attorney for the Petitioners,* | ) |
| ANDREW BOUREY *Guardian Ad Litem,* | ) |
| KURT B. BICKES *Attorney for Petitioner,* | ) |
| | ) |
| THIRD PARTY DEFENDANTS. | ) |

## MOTION IN SUPPORT OF NOTICE OF REMOVAL

COMES NOW Respondent / Petitioner, Amy Joan Schneider, *Pro Se Litigant*, with her

Petition For Removal in this instant case known in Macon County Circuit Court as Case No. 93

1

P 366, and herein states the following reasons;

    1)      On August 23, 2002, Respondent / Petitioner and Mother Amy Joan Schneider ("Mother") filed her Motion For Temporary Restraining Order to keep her natural children, Kaela Elizabeth Sliney, born 06/21/88 and Joshua Matthew Sliney, born 10/22/89, from being abducted by non-parents.

    2)      On August 28, 2002, Respondent / Petitioner Amy Joan Schneider filed her Motion to Terminate Guardianship in the Macon County Circuit Court Case No. 93-P-366.

    3)      On June 23, 2003, Macon County Circuit Court Associate Judge Scott B. Diamond denied the Mother's Motion to Terminate the Guardianship.

    4)      On April 8, 2004, the Natural Mother of the minor children, Kaela Elizabeth Sliney, born 06/21/88 and Joshua Matthew Sliney, born 10/22/89 and Respondent / Petitioner Amy Joan Schneider filed Verified Petition to be Named Successor Guardian of Joshua Sliney and Kaela Sliney's Persons and Estates.

    5)      On May 20, 2004, the Illinois Fourth District Appellate Court denied the Mother's Appeal.

    6)      On October 6, 2004, the Illinois Supreme Court denied Schneider's Petition for Leave to Appeal As Of Right.

    7)      On August 23, 2002, Respondent / Petitioner Amy Joan Schneider filed her Motion For Temporary Restraining Order,  because non parents Dan and Karen Coates ("Dan and Karen") took physical possession of the Mother's two minor children and have not returned them to the legal residential parent, Respondent / Petitioner Amy Joan Schneider, and with the aid of the court in order to deliberately conspire to circumvent the Fourteenth Amendment Rights of Respondent / Petitioner and in essence 'steal' the natural Mother's children; and in order to

2

keep control of the children thereby giving non-parents Dan and Karen unlimited access to a $550,000.00 trust fund established in the minor children's names.

8) The Third Party Defendants named to this action deliberately denied Amy Joan Schneider any meaningful access to said children at home, school, and to any form of parenting time. The United States Supreme Court has held that the due process guarantees of the Fourteenth Amendment protect a natural parent's custodial rights to their children. "The rights to conceive and to raise one's children have been deemed essential...basic civil rights of man," *Kovacs v. Cooper*, (1949), 336 U.S. 77, 69 S.Ct. 448. The record will prove that for the past three years the third party defendants and the court willfully conspired to intentionally sever all contact between Parent and child without the benefit of substantive or procedural due process of law, thereby denying the Mother the Constitutionally guaranteed right to rear and at least maintain a parent and child relationship with her natural children.

9) The Third Party Defendants named to this action openly discriminated against Respondent / Petitioner based on race because she is the natural Mother of three African American minor children who live with Respondent / Petitioner, and because of the Mother's association with a Black man who was the subject of name calling, racial epithets, personal attacks and being falsely and maliciously accused of crimes by the Third Party Defendant's in order to justify illegally stealing and kidnapping the Mother's two Caucasian Children and separating them from their Mother and siblings, See *Palmore v. Sidoti*, No. 82-1734 Supreme Court Of The United States 466 U.S. 429; 104 S. CT. 1879; 80 L. ED. 2D 421; 1984 ; and therefore the Petitioner removes this matter to the Federal District Court in the accordance with 42 U.S.C. § 1983, 28 U.S.C. § 1441(a), 28 U.S.C. § 1331, 28 USC § 1443, 28 USC § 1446,

10) On January 2, 2004 *by ex parte order of the court* Third Party Defendants named

3

to this action conspired and acted under color of state law to threaten, force, order, command, and compel the Mother to send her minor children away from her family residential home, but not to the purported guardian, who was in reality a fake guardian being illegally utilized and maintained by the court and the Third Party Defendant conspirators, but to the care custody and control of statutorily un-identified *non-guardian non-parents* Dan and Karen, thereby *violating* Petitioner and natural Mother's due process liberty rights under the laws of Illinois and the Fourteenth Amendment to the United States Constitution.

11)     On June 15, 2004, the Honorable Albert G. Webber IV, GRANTED conspirators Dan, Benito, Karen, and Third Party Defendants named to this action[s] Motion to Terminate the Mother's Visitation and thereby terminated all of Mother Amy Joan Schneider's visitation with her two children; and with malice and perpetration of that unwarranted act, the conspirators deliberately severed any and all contact between Mother Amy Joan Schneider and her two oldest children which is a clear and willful violation of the Illinois and United States Constitutions and Statutes. "A parent's interest in maintaining a parental relationship with her child is clearly a fundamental liberty interest, protected by the equal protection provisions of both the state and federal constitutions." ***Santosky v. Kramer*, 455 U.S. 745, 753, 71 L.Ed.2d 599, 606, 102 S.Ct. 1388, 1394-95 (1982).**

12)     As applicable by F.R.C.P. Rule 14(b) the Third Party Defendants of this Matter include; THE HONORABLE JOHN K. GREANIAS, Macon County Circuit Court Presiding Judge of the Sixth Judicial Circuit; THE HONORABLE ALBERT G. WEBBER IV, Macon County Circuit Court Judge of the Sixth Judicial Circuit; THE HONORABLE SCOTT B. DIAMOND, Macon County Circuit Court Associate Judge of the Sixth Judicial Circuit; JAMES T. JACKSON, Attorney for the Petitioners; BRIDGET C. HOGAN Attorney for the Petitioners;

4

ANDREW BOUREY Guardian Ad Litem; KURT B. BICKES Attorney for Petitioner.

## JURISDICTION, VENUE AND COMPLAINT
## THE HONORABLE JOHN K. GREANIAS

13)    The above referenced Third Party Defendant named is an individual who has interfered with parental rights, has obstructed justice, has committed perjury, and violated laws in the State of Illinois, as well as, Federal laws, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, in which a Third Party Summons in this civil action will be attached hereto, and has been personally served upon the above named individual in this complaint.

14)    The above named third party defendant willfully participated in a conspiracy to deprive Respondent / Petitioner equal due process and equal protection as prescribed, deliberately and intentionally violated the provisions and protections guaranteed the Mother under the Illinois Supreme Court Rules and § 755 ILCS 5/11-13.2 and  5/11-5(b), the Probate Act Of 1975, § 750 ILCS 5/601, the Illinois Marriage and Dissolution of Marriage Act, and § 750 ILCS 35/3.08, the Uniform Child Custody Jurisdiction Act.

15)    The Court allowed the Third Party Defendants and their non-parent conspirators to commit fraud before the courts and stated that the Respondent / Petitioner is a danger to the safety, health, and welfare of her two Caucasian children, without stating a legal reason, or by Illinois statutes, to terminate parental rights, in which the Respondent / Petitioner does not fit the required elements, due to the fact that she still has residential custody of three other children of African American race, which constitutes child trafficking, extortion and racketeering, parental

5

kidnapping, in which these individuals should be sanctioned. The Courts, GAL and the non-parent Petitioner's attorneys are attempting to drain Respondent / Petitioner's financial abilities to support her children, as well as, make contemptible allegations, without substantial proof, as law requires, to place Respondent / Petitioner under duress and fear, which constitutes extortion and racketeering, parental kidnapping, in which this individual should be sanctioned.

16) This is evident in the circuit court of not following proper procedures, as law requires, **_see ref. Stanley v. Illinois 405 U.S. 645 (1972)_**, in order to terminate the parental rights, which constitutes violations of parental rights guaranteed by the 14th Amendment to the United States Constitution, under rights to family, or guaranteed by the 6th Amendment to the United States Constitution, under due process rights, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, all of which are removable to a Federal Court of law. Third party defendant referred to above was on notice and therefore knew or should have known that the Macon County Circuit Court lacked jurisdiction over the wards and could not legally hear and decide this matter involving a previous McLean County Illinois divorce decree, Sliney v. Sliney, McLean County Circuit Court No. 90-D-617. See **_Sommer v. Borovic 69 Ill. 2d 220, 370 N. E. 2d 1028 (1977)._**

### JURISDICTION, VENUE AND COMPLAINT
### THE HONORABLE ALBERT G. WEBBER IV

17) The above referenced Third Party Defendant named is an individual who has interfered with parental rights, has obstructed justice, has committed perjury, and violated laws in the State of Illinois, as well as, Federal laws, in which jurisdiction and venue is proper

6

pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, in which a Third Party Summons in this civil action will be attached hereto, and has been personally served upon the above named individuals in this complaint.

18)    The above named third party defendant willfully participated in a conspiracy to deprive Respondent / Petitioner equal due process and equal protection as prescribed, deliberately and intentionally violated the provisions and protections guaranteed the Mother under the Illinois Supreme Court Rules and 755 ILCS 5/11-13.2 and 5/11-5(b), the Estates Probate Act Of 1975, § 750 ILCS 5/601, the Illinois Marriage and Dissolution of Marriage Act, and § 750 ILCS 35/3.08, the Uniform Child Custody Jurisdiction Act.

19)    The Court allowed the non-parent Petitioners to commit fraud before the courts and stated that the Respondent / Petitioner is a danger to the safety, health, and welfare of her two Caucasian children, without stating a legal reason, or by Illinois statutes, to terminate parental rights, in which the Respondent / Petitioner does not fit the required elements, due to the fact that she still has residential custody of three other children of African American race, which constitutes child trafficking, extortion and racketeering, parental kidnapping, in which these individuals should be sanctioned. The Courts, GAL and the Petitioner's attorneys are attempting to drain the Respondent / Petitioner's financial abilities to support her children, as well as, make contemptible allegations, without substantial proof, as law requires, to place the Respondent / Petitioner under duress and fear, which constitutes extortion and racketeering, parental kidnapping, in which this individual should be sanctioned.

7

20)    This is evident in the circuit court of not following proper procedures, as law requires, ***see ref. Stanley v. Illinois 405 U.S. 645 (1972)***, in order to terminate the parental rights, which constitutes violations of parental rights guaranteed by the 14th Amendment to the United States Constitution, under rights to family, or guaranteed by the 6th Amendment to the United States Constitution, under due process rights, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, all of which are removable to a Federal Court of law. Third party defendant referred to above was on notice and therefore knew or should have known that the Macon County Circuit court lacked jurisdiction over the wards and could not legally hear and decide this matter involving a previous McLean County Illinois divorce decree, Sliney v. Sliney, McLean County Circuit Court No. 90-D-617. See ***Sommer v. Borovic 69 Ill. 2d 220, 370 N. E. 2d 1028 (1977)***

## JURISDICTION, VENUE AND COMPLAINT
## THE HONORABLE SCOTT B. DIAMOND

21)    The above referenced Third Party Defendant named is an individual who has interfered with parental rights, has obstructed justice, has committed perjury, and violated laws in the State of Illinois, as well as, Federal laws, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, in which a Third Party Summons in this civil action will be attached hereto, and has been

8

personally served upon the above named individuals in this complaint.

22)    The above named third party defendant willfully participated in a conspiracy to deprive Respondent / Petitioner equal due process and equal protection as prescribed, deliberately and intentionally violated the provisions and protections guaranteed the Mother under the Illinois Supreme Court Rules and 755 ILCS 5/11-13.2 and  5/11-5(b), the Estates Probate Act Of 1975, § 750 ILCS 5/601, the Illinois Marriage and Dissolution of Marriage Act, and § 750 ILCS 35/3.08, the Uniform Child Custody Jurisdiction Act.

23)    The Court allowed the non-parent Petitioners to commit fraud before the courts and stated that the Respondent / Petitioner is a danger to the safety, health, and welfare of her two Caucasian children, without stating a legal reason, or by Illinois statutes, to terminate parental rights, in which the Respondent / Petitioner does not fit the required elements, due to the fact that she still has residential custody of her three other children of African American race, which constitutes child trafficking, extortion and racketeering, parental kidnapping, in which these individuals should be sanctioned. The Courts, GAL and the non-parent Petitioner's attorneys are attempting to drain the Respondent / Petitioner's financial abilities to support her children, as well as, make contemptible allegations, without substantial proof, as law requires, to place the Respondent / Petitioner under duress and fear, which constitutes extortion and racketeering, parental kidnapping, in which this individual should be sanctioned.

24)    This is evident in the circuit court of not following proper procedures, as law requires, *see ref. Stanley v. Illinois 405 U.S. 645 (1972)*, in order to terminate the parental rights, which constitutes violations of parental rights guaranteed by the 14th Amendment to the United States Constitution, under rights to family, or guaranteed by the 6th Amendment to the United States Constitution, under due process rights, in which jurisdiction and venue is proper pursuant

to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the

14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. §

1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody

Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, all of

which are removable to a Federal Court of law. Third party defendant referred to above was on

notice and therefore knew or should have known that the Macon County Circuit court lacked

jurisdiction over the wards and could not legally hear and decide this matter involving a previous

McLean County Illinois divorce decree, Sliney v. Sliney, McLean County Circuit Court No. (90-

D-617).  See ***Sommer v. Borovic 69 Ill. 2d 220, 370 N. E. 2d 1028 (1977)***

### JURISDICTION, VENUE AND COMPLAINT
### JAMES T. JACKSON *ATTORNEY FOR THE PETITIONERS*

25)     The above referenced Third Party Defendant named is an individual who has

interfered with parental rights, has obstructed justice, has committed perjury, and violated laws

in the State of Illinois, as well as, Federal laws, in which jurisdiction and venue is proper

pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States

Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed

by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child

Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine,

in which a Third Party Summons in this civil action will be attached hereto, and has been

personally served upon the above named individual in this complaint.

26)     The above named third party defendant willfully participated in a conspiracy to

deprive Respondent / Petitioner equal due process and equal protection as prescribed,

deliberately and intentionally violated the provisions and protections guaranteed the Mother

under the Illinois Supreme Court Rules and 755 ILCS 5/11-13.2 and  5/11-5(b), the Estates

Probate Act Of 1975, § 750 ILCS 5/601, the Illinois Marriage and Dissolution of Marriage Act, and § 750 ILCS 35/3.08, the Uniform Child Custody Jurisdiction Act.

27)    The Court allowed the non-parent Petitioners to commit fraud before the courts and stated that the Respondent / Petitioner is a danger to the safety, health, and welfare of her two Caucasian children, without stating a legal reason, or by Illinois statutes, to terminate parental rights, in which the Respondent / Petitioner does not fit the required elements, due to the fact that she still has residential custody of her three other children of African American race, which constitutes child trafficking, extortion and racketeering, parental kidnapping, in which this individual should be sanctioned. The Courts, GAL and the non-parent Petitioner's attorneys are attempting to drain the Respondent / Petitioner's financial abilities to support her children, as well as, make contemptible allegations, without substantial proof, as law requires, to place the Respondent / Petitioner under duress and fear, which constitutes extortion and racketeering, parental kidnapping, in which this individual should be sanctioned.

28)    This is evident in the circuit court of not following proper procedures, as law requires, **_see ref. Stanley v. Illinois 405 U.S. 645 (1972)_**, in order to terminate the parental rights, which constitutes violations of parental rights guaranteed by the 14th Amendment to the United States Constitution, under rights to family, or guaranteed by the 6th Amendment to the United States Constitution, under due process rights, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, all of which are removable to a Federal Court of law. Third party defendant referred to above was on

11

notice and therefore knew or should have known that the Macon County Circuit court lacked

jurisdiction over the wards and could not legally hear and decide this matter involving a previous

McLean County Illinois divorce decree, Sliney v. Sliney, McLean County Circuit Court No. (90-

D-617).  See ***Sommer v. Borovic 69 Ill. 2d 220, 370 N. E. 2d 1028 (1977)***

## JURISDICTION, VENUE AND COMPLAINT
## BRIDGET C. HOGAN *ATTORNEY FOR THE PETITIONERS*

29)    The above referenced Third Party Defendant named is an individual who has

interfered with parental rights, has obstructed justice, has committed perjury, and violated laws

in the State of Illinois, as well as, Federal laws, in which jurisdiction and venue is proper

pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States

Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed

by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child

Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine,

in which a Third Party Summons in this civil action will be attached hereto, and has been

personally served upon the above named individual in this complaint.

30)    The above named third party defendant willfully participated in a conspiracy to

deprive Respondent / Petitioner equal due process and equal protection as prescribed,

deliberately and intentionally violated the procedural provisions and protections guaranteed the

Mother under the Illinois Supreme Court Rules and 755 ILCS 5/11-13.2 and  5/11-5(b), the

Estates Probate Act Of 1975, § 750 ILCS 5/601, the Illinois Marriage and Dissolution of

Marriage Act, and § 750 ILCS 35/3.08, the Uniform Child Custody Jurisdiction Act.

31)    The Court allowed the non-parent Petitioners to commit fraud before the courts

and stated that the Respondent / Petitioner is a danger to the safety, health, and welfare of her

two Caucasian children, without stating a legal reason, or by Illinois statutes, to terminate

parental rights, in which the Respondent / Petitioner does not fit the required elements, due to the

fact that she still has residential custody of three other children of African American race, which

constitutes child trafficking, extortion and racketeering, parental kidnapping, in which these

individuals should be sanctioned. The Courts, GAL and the non-parent Petitioner's attorneys are

attempting to drain the Respondent / Petitioner's financial abilities to support her children, as

well as, make contemptible allegations, without substantial proof, as law requires, to place the

Respondent / Petitioner under duress and fear, which constitutes extortion and racketeering,

parental kidnapping, in which this individual should be sanctioned.

32)    This is evident in the circuit court of not following proper procedures, as law

requires, **_see ref. Stanley v. Illinois 405 U.S. 645 (1972)_**, in order to terminate the parental rights,

which constitutes violations of parental rights guaranteed by the 14th Amendment to the United

States Constitution, under rights to family, or guaranteed by the 6th Amendment to the United

States Constitution, under due process rights, in which jurisdiction and venue is proper pursuant

to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the

14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. §

1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody

Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, all of

which are removable to a Federal Court of law. Third party defendant referred to above was on

notice and therefore knew or should have known that the Macon County Circuit court lacked

jurisdiction over the wards and could not legally hear and decide this matter involving a previous

McLean County Illinois divorce decree, Sliney v. Sliney, McLean County Circuit Court No. (90-

D-617). See **_Sommer v. Borovic 69 Ill. 2d 220, 370 N. E. 2d 1028 (1977)_**

## JURISDICTION, VENUE AND COMPLAINT
## ANDREW BOUREY _GUARDIAN AD LITEM_

33)     The above referenced Third Party Defendant named is an individual who has interfered with parental rights, has obstructed justice, has committed perjury, and violated laws in the State of Illinois, as well as, Federal laws, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, in which a Third Party Summons in this civil action will be attached hereto, and has been personally served upon the above named individuals in this complaint.

34)     The above named third party defendant willfully participated in a conspiracy to deprive Respondent / Petitioner equal due process and equal protection as prescribed, deliberately and intentionally violated the provisions and protections guaranteed the Mother under the Illinois Supreme Court Rules and 755 ILCS 5/11-13.2 and 5/11-5(b), the Estates Probate Act Of 1975, § 750 ILCS 5/601, the Illinois Marriage and Dissolution of Marriage Act, and § 750 ILCS 35/3.08, the Uniform Child Custody Jurisdiction Act.

35)     The Court allowed the non-parent Petitioners to commit fraud before the courts and stated that the Respondent / Petitioner is a danger to the safety, health, and welfare of her two Caucasian children, without stating a legal reason, or by Illinois statutes, to terminate parental rights, in which the Respondent / Petitioner does not fit the required elements, due to the fact that she still has residential custody of three other children of African American race, which constitutes child trafficking, extortion and racketeering, parental kidnapping, in which these individuals should be sanctioned. The Courts, GAL and the non-parent Petitioner's attorneys are attempting to drain the Respondent / Petitioner's financial abilities to support her children, as

14

well as, make contemptible allegations, without substantial proof, as law requires, to place the Respondent / Petitioner under duress and fear, which constitutes extortion and racketeering, parental kidnapping, in which this individual should be sanctioned.

36)   This is evident in the circuit court of not following proper procedures, as law requires, *see ref. Stanley v. Illinois 405 U.S. 645 (1972)*, in order to terminate the parental rights, which constitutes violations of parental rights guaranteed by the 14th Amendment to the United States Constitution, under rights to family, or guaranteed by the 6th Amendment to the United States Constitution, under due process rights, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, all of which are removable to a Federal Court of law. Third party defendant referred to above was on notice and therefore knew or should have known that the Macon County Circuit court lacked jurisdiction over the wards and could not legally hear and decide this matter involving a previous McLean County Illinois divorce decree, Sliney v. Sliney, McLean County Circuit Court No. (90-D-617).  See *Sommer v. Borovic 69 Ill. 2d 220, 370 N. E. 2d 1028 (1977)*

### JURISDICTION, VENUE AND COMPLAINT
### KURT B. BICKES *ATTORNEY FOR PETITIONER*

37)   The above referenced Third Party Defendants named is an individual who has interfered with parental rights, has obstructed justice, has committed perjury, and violated laws in the State of Illinois, as well as, Federal laws, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed

15

by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, in which a Third Party Summons in this civil action will be attached hereto, and has been personally served upon the above named individual in this complaint.

38)     The above named third party defendant willfully participated in a conspiracy to deprive Respondent / Petitioner equal due process and equal protection as prescribed, deliberately and intentionally violated the provisions and protections guaranteed the Mother under the Illinois Supreme Court Rules and 755 ILCS 5/11-13.2 and 5/11-5(b), the Estates Probate Act Of 1975, § 750 ILCS 5/601, the Illinois Marriage and Dissolution of Marriage Act, and § 750 ILCS 35/3.08, the Uniform Child Custody Jurisdiction Act.

39)     The Court allowed the non-parent Petitioners to commit fraud before the courts and stated that the Respondent / Petitioner is a danger to the safety, health, and welfare of her two Caucasian children, without stating a legal reason, or by Illinois statutes, to terminate parental rights, in which the Respondent / Petitioner does not fit the required elements, due to the fact that she still has residential custody of her three other children of African American race, which constitutes child trafficking, extortion and racketeering, parental kidnapping, in which these individuals should be sanctioned. The Courts, GAL and the non-parent Petitioner's attorneys are attempting to drain the Respondent / Petitioner's financial abilities to support her children, as well as, make contemptible allegations, without substantial proof, as law requires, to place the Respondent / Petitioner under duress and fear, which constitutes extortion and racketeering, parental kidnapping, in which this individual should be sanctioned.

40)     This is evident in the circuit court of not following proper procedures, as law requires, *see ref. Stanley v. Illinois 405 U.S. 645 (1972)*, in order to terminate the parental rights,

16

which constitutes violations of parental rights guaranteed by the 14th Amendment to the United States Constitution, under rights to family, or guaranteed by the 6th Amendment to the United States Constitution, under due process rights, in which jurisdiction and venue is proper pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. § 1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, all of which are removable to a Federal Court of law. Third party defendant referred to above was on notice and therefore knew or should have known that the Macon County Circuit court lacked jurisdiction over the wards and could not legally hear and decide this matter involving a previous McLean County Illinois divorce decree, Sliney v. Sliney No. (90-D-617).    See ***Sommer v. Borovic 69 Ill. 2d 220, 370 N. E. 2d 1028 (1977)***

41)    After numerous Motions regarding expansion of visitation, clarification of the one year temporary living agreement, finding of non-parent Petitioner's home as a boarding school, expiration of the one year temporary living agreement, clarification of the term 'temporary' when used in relation to a temporary guardianship (which by statute has a 60 day limit), and simple physical possession of the Mother's children until these proceedings are finalized, Respondent / Petitioner requested two substitutions of judge, a judicial review of the Honorable Scott B. Diamond, a judicial review of the Honorable Albert G. Webber IV, a change of venue, and a substitution of judge as of right.

42)    The non-parent Petitioner has made it a pattern of practice to 'need to control' Respondent / Petitioner at any opportunity to include; manipulating the children; making repeated false, erroneous, and malicious allegations on Respondent / Petitioner, and the children;

17

threatening the children.

## JURISDICTION, VENUE, AND COMPLAINT AS TO
## THIRD PARTY NON-PARENT PETITIONERS DAN COATES
## BENITO DITERLIZZI AND KAREN COATES

43)    The Court allowed the non-parent Petitioners to commit fraud before the courts

and stated that the Respondent / Petitioner is a danger to the safety, health, and welfare of her

two Caucasian children, without stating a legal reason, or by Illinois statutes, to terminate

parental rights, in which the Respondent / Petitioner does not fit the required elements, due to the

fact that she still has residential custody of three other children of African American race, which

constitutes child trafficking, extortion and racketeering, parental kidnapping, in which these

individuals should be sanctioned.

44)    The Courts, GAL and the non-parent Petitioner's attorneys are attempting to drain

the Respondent / Petitioner's financial abilities to support her children, as well as, make

contemptible allegations, without substantial proof, as law requires, to place the Mother under

duress and fear, which constitutes extortion and racketeering, parental kidnapping, in which

these individuals should be sanctioned.

45)    This is evident in the circuit court of not following proper procedures, as law

requires, *see ref. Stanley v. Illinois 405 U.S. 645 (1972)*, in order to terminate the parental rights,

which constitutes violations of parental rights guaranteed by the 14th Amendment to the United

States Constitution, under rights to family, or guaranteed by the 6th Amendment to the United

States Constitution, under due process rights, in which jurisdiction and venue is proper pursuant

to 42 U.S.C. § 1981, 42 U.S.C. § 1985, the 6th Amendment to the United States Constitution, the

14th Amendment to the United States Constitution, constitutionally guaranteed by 42 U.S.C. §

1983, The Uniform Adoption Act, Biological Rights Doctrine, Uniform Child Custody

18

Jurisdiction Act, Punitive and Unknown Fathers Act, and Parental Preference Doctrine, all of which are removable to a Federal Court of law.

46)    All of the non-parent Petitioner's Counsel except for the guardian is from the same law firm. Then the non-parent Petitioner's Counsel tops off every action by attempting to assess his attorney fees and all other expenses to the Respondent / Petitioner.

47)    The Mother, Amy Joan Schneider, *Pro Se Litigant*, and in direct support of her petition for removal of the instant state proceedings, herein states and provides the following:

      a)  "That this Court may, at first impression, pause to question whether removal of these state proceedings is legally permissible, in light of a reasonable comparison to the venerable "domestic relations exception" that is sometimes raised in diversity actions, notwithstanding that there are, otherwise, obvious tort and constitutional grounds that do supply Federal Jurisdiction.

      b)  The source and support in that remedy is in the two key facts that combine to not only permit this particular type of removal action, but, in fact, even uphold removal of this type of cause under well-established Circuit and Supreme Court precedent.

      c)  The Mother is expressly NOT asking this Court, nor seeking in any way, to issue any divorce, alimony, or child custody decrees. This would be recognized as an improper intrusion against federalism and comity concerns for original state jurisdiction over what is considered basic matters of family law. ***Ankenbrandt v. Richards, 504 U.S. 689 (1992)***. *Had this removal action been brought under the guise of "appeal" to review strictly family matters already established under state law, abstention may have been more appropriate.*

48)    The choice of ***Ankenbrandt***, along with its predecessors and progeny, absolutely confirm that the only correct course of action here is to uphold removal, and to also vindicate the undersigned's / undersigned's rights and damages against the Respondent and his/her/their collateral parties.

19

49)    In *Ankenbrandt*, the United States Supreme Court clearly explained: "The Barber Court thus did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree." They further added, "By concluding, as we do, that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree, we necessarily find that the Court of Appeals erred by affirming the District Court's invocation of this exception." In *Ankenbrandt,* they also provided several other cases that should prove instructive to this Court, including: *Cole v. Cole, 633 F. 2d 1083 (CA4 1980)* holding that the exception does not apply in tort suits stemming from custody and visitation disputes; *Drewes v. Ilnicki, 863 F. 2d 469 (CA6 1988)* holding that the exception does not apply to a tort suit for intentional infliction of emotional distress; and, *Lloyd v. Loeffler, 694 F. 2d 489 (CA7 1982)* holding that the exception does not apply to a tort claim for interference with the custody of a child.

50)    Moreover, in *City Of Chicago v. Intern'l College Of Surgeons, 522 U.S. 156 (1997),* the Court held that "A case containing claims that local… action violates federal law, but also containing state law claims for on-the-record review…, can be removed to federal district court." They also added that, "Defendants generally may remove any civil action brought in a State court of which the [federal] district courts... have original jurisdiction. 28 U.S.C. § 1441(a). The district courts' original jurisdiction encompasses cases arising under the Constitution, laws, or treaties of the United States, § 1331, and an action satisfies this requirement when the plaintiff's well-pleaded complaint raises issues of federal law, *Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63."*

51)    In *Chicago*, the United States Supreme Court again provided another listing of

cases supporting the fact that the instant case can, should, and must be allowed removal, including: *Franchise Tax Board, 463 U.S., at 13; see also id., at 27-28* (case arises under federal law when federal law creates the cause of action or... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law); *Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112 (1936)* (federal question exists when a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action); *Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Hurn v. Oursler, 289 U.S. 238 (1933); Siler v. Louisville & Nashville R. Co., 213 U.S. 175 (1909); and, Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350-351 (1988)* (discussing pendent claims removed to federal court).

52) In *Chicago*, the United States Supreme Court again explained what enables removal in state cases that have been already ongoing: "The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking."

53) In *Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1998)*, the United States Supreme Court reiterated the same principles: "We have suggested that the presence of even one claim "arising under" federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal. *See Chicago v. International College of Surgeons, 522 U.S. ____, ____ (1997)* (slip op., at 7-9)."; and they again provided even more cases instructive in the instant situation, including: *Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 7-12 (1983); Phelps v. Oaks, 117 U.S. 236, 240-241 (1886); and, Kanouse v. Martin, 15 How. 198, 207-210 (1854).*

21

54)    The Seventh Circuit Court of Appeals has confirmed the above principles, by

listing even more cases in *Maris Friedlander, Aka Maris Freed, Et Al. v. Burton G.*

*Friedlander, 98-1391 (CA7)*, that support removal in the instant matter, by stating: "The only

question is whether the domestic relations exception to the diversity jurisdiction bars the suit.

That it does not is clear from our decision in *Lloyd v. Loeffler, 694 F.2d 489 (7th Cir. 1982)*,

which involved a suit for interference with custody, and from many subsequent decisions, such

as *McIntyre v. McIntyre, 771 F.2d 1316 (9th Cir. 1985); DeRuggiero v. Rodgers, 743 F.2d*

*1009, 1018-20 (3d Cir. 1984), and Stone v. Wall, 135 F.3d 1438 (11th Cir. 1998),* all similar to

*Lloyd*--and, better yet, from *Raftery v. Scott, 756 F.2d 335, 337-38 (4th Cir. 1985), and Drewes*

*v. Ilnicki, 863 F.2d 469 (6th Cir. 1988),* both cases like this one of intentional infliction of

emotional distress."

55)    28 USC § 1443 provides for the vindication of rights, and for relief for any person

"who is denied or cannot enforce in the courts of such State a right under any law providing for

the equal civil rights of citizens of the United States, or of all persons within the jurisdiction

thereof"

56)    The second paragraph of 28 USC § 1446(b) provides additional events, other than

original actions, wherein a defendant may remove a state court action into a federal district court.

57)    Furthermore, Respondent / Petitioner Amy Joan Schneider again expressly

clarifies to the Court that she is not seeking "the granting or modification of a divorce, alimony,

or custody decree." The Respondent / Petitioner is strictly removing the instant state court action

into the jurisdiction of this federal court, for the express vindication of her civil and

constitutional rights, as well as the reciprocal rights of her minor children, and for various

damages of awards for general malfeasance and federal torts committed by the non-parent

22

Petitioners, Third Party Defendants, and collateral parties to the instant state action, including, but not limited to: numerous violations of civil and constitutional rights; interference with visitation, contact and custody of minor children; interference with strict parental rights; abuse and neglect thrust upon the minor children, and conspiracies to conceal and shelter the same; refusals to obey court orders and other state laws; equal custody rights; sheltering of the Third Party Defendants and collateral parties' violations of the law, court orders, Mother's parental rights, multiple illegal violations performed against this Mother's and her minor children's constitutional rights; threats, intimidation; abuses of power; and other associated manifest injustices committed by the Third Party Defendants and certain collateral parties to the instant state action.

58)     The exact details of the above torts, civil rights claims, associated actions, and petitions for various awards of damages and other relief, should not be expressly necessary for this Court to exercise its jurisdiction to now remove the instant state proceedings, but could be provided in full for the Court's convenience, and for further and proper notices to the Third Party Defendants and said collateral parties.

59)     In ***Amir H. Sanjari v. Alison Gratzol, , Indiana Supreme Court No.: 20D050010DR640***. The court stated, "*...we have rejected the notion that a custodial parent may justify inaction simply because a child refuses to cooperate with a visitation order. The Supreme Court's newly promulgated Time Guidelines...*embody the principle that both parents are responsible for ensuring that the child complies with the scheduled parenting time. "*In no event shall a child be allowed to make the decision on whether scheduled parenting takes place.*" Parenting Time Guideline § I(E). ***Macintosh v. Macintosh, 749 N.E.2d 622 (Ind.Ct.App. 2001),***

**THEREFORE**, Mother Amy Joan Schneider, now prays for removal of the above-

23

captioned state court proceedings into, and under, the jurisdiction of this United States District Court, with all speed, for findings and confirmations of various violations against civil rights, constitutional rights, for various awards of damages against the Third Party Defendants and collateral parties for numerous constitutional torts and general malfeasance against both the undersigned and her minor children, and for all other relief deemed just and proper in the premises.

As well as, the Respondent / Petitioner, Amy Joan Schneider, seeks to have her minor children, Kaela Elizabeth Sliney and Joshua Matthew Sliney, returned immediately to her legal physical custody without further evasion tactics, allegations, interferences, or manipulations by the Third Party Defendants, or their conspirators, in this matter, as guaranteed by the 14th Amendment of the U.S. Constitution, the Illinois Constitution and all applicable laws.

Respectfully submitted,

Amy Joan Schneider
*Pro Se Litigant*
205 Saratoga Road
Normal IL  61761
309/452-7466

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document in the above-captioned matter was deposited in the United States mail, first-class postage prepaid, addressed to:

The Honorable JOHN K. GREANIAS in his
Individual, as well as, Official Capacity
253 E. Wood Street, Courtroom 3A
Decatur, Illinois 62523

The Honorable ALBERT G. WEBBER IV, in his

24

Individual, as well as, Official Capacity
253 E. Wood Street, Courtroom 6B
Decatur, Illinois 62523

The Honorable SCOTT B. DIAMOND, in his
Individual, as well as, Official Capacity
253 E. Wood Street, Courtroom 6A
Decatur, Illinois 62523

JAMES T. JACKSON
*Attorney for the Petitioners*
225 N. Water Street, Suite 301
Decatur, Illinois 62525-1400

BRIDGET C. HOGAN
*Attorney for the Petitioners*
225 N. Water Street, Suite 301
Decatur, Illinois 62525-1400

ANDREW BOUREY
*Guardian Ad Litem*
101 S. Main Street, Suite 600
Decatur, Illinois 62523

KURT B. BICKES
*Attorney for Petitioner*
101 S. Main Street, Suite 501
Decatur, Illinois 62523

on this 14th day of April 2005.

Respectfully submitted,

Amy Joan Schneider
*Petitioner - Pro Se Litigant*
205 Saratoga Road
Normal IL  61761
309/452-7466

25