E-FILED
Wednesday, 27 April, 2005 05:05:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: THE ESTATES OF: ) <br> KAELA ELIZABETH SLINEY, a minor, and ) <br> JOSHUA MATTHEW SLINEY, a minor. ) <br> _____ ) <br> JOSEPH T. SCHNEIDER and JOAN M. ) <br> SCHNEIDER, ) <br> Petitioners/Respondents, ) <br> and ) <br> MARK E. SLINEY and AMY J. SCHNEIDER, ) <br> Respondents/Petitioners ) <br> and ) <br> THE HONORABLE JOHN K. GREANIAS, in his ) <br> Individual, as well as, Official Capacity, ) <br> THE HONORABLE ALBERT G. WEBBER IV, in ) <br> his Individual, as well as, Official Capacity, ) <br> THE HONORABLE SCOTT B. DIAMOND, in his ) <br> Individual, as well as, Official Capacity, ) <br> JAMES T. JACKSON, BRIDGET C. HOGAN, ) <br> ANDREW BOUREY, KURT B. BICKES, ) <br> THIRD PARTY DEFENDANTS. ) | Urbana Div. Case No. **05-2097** <br><br> Peoria Div. Case No. **05-1114** <br><br> FILED <br> APR 27 2005 <br> JOHN M. WATERS, Clerk <br> U.S. DISTRICT COURT <br> CENTRAL DISTRICT OF ILLINOIS <br> URBANA, IL |

**MEMORANDUM IN SUPPORT OF PRELIMINARY
INTERLOCUTORY INJUNCTION**

**COMES NOW** the Petitioner, Amy J. Schneider *Pro Se Litigant*, on this 26th day of April 2005, and files her Emergency Motion for Stay of Proceedings pursuant to Illinois Supreme Court Rules 271 and 272, 28 U.S.C. § 1443 and § 1446, and 735 ILCS 5/2-301 and 619 *et. seq* and in support thereof, Petitioner states as follows;

Statement of Facts

1.  On April 14, 2005, Petitioner Amy Joan Schneider ("Mother") filed and served

1

her Notice of Removal to Federal Court of this instant case, known in Sixth Judicial Circuit Macon County Illinois Probate Court No. 93-P-366, in the United States District Court for the Central District of Illinois in Peoria, Federal Court Case Number 05-1114 now 05-2097.

2. On April 14, 2005, Petitioner Schneider's Notice of Removal to Federal Court was served upon the Third Party Defendants in this case, listed above, including the Honorable Judge Albert G. Webber IV, ("Judge Webber").

3. On April 14, 2005, Petitioner Amy Joan Schneider filed her Notice of Removal upon the parties in accordance with 42 U.S.C. § 1983, 28 U.S.C. § 1441(a), 28 U.S.C. § 1331, 28 U.S.C. § 1443, 28 U.S.C. § 1446, and 735 ILCS 5/2-301 *et. seq.*.

4. On April 19, 2005, hearing was held before Judge Albert Webber although the United States District Court for the Central District of Illinois had original jurisdiction over this matter pursuant to the aforementioned Notice of Removal.

5. On April 19, 2005, the Honorable Albert G. Webber IV was on notice and acknowledged that he was, at least, aware of Petitioner's Notice of Removal to the Federal District Court; however, Judge Webber proceeded to hold a hearing in bad faith and in violation of Federal Statute.

Argument

The explicit language of 28 U.S.C.A. § 1446(e) and its uniform construction, to the effect that any action by the state court is barred until the removal petition has been rejected and the case remanded by the federal court, preclude the argument that the statute should not be applied where the defendant's removal petition is patently frivolous, held the court in *People v Martin-Trigona* (1975) 28 Ill App 3d 605, 328 NE2d 362. Section 1446(e) says that "[T]he State court shall proceed no further unless and until the case is remanded," stated the court, which added that

more specific and precise language would be hard to imagine.

On April 19, 2005, Judge Albert Webber and three other Third Party Defendants to this case, Andrew Bourey, Kurt B. Bickes and James Jackson, participated in an illegal hearing where they intentionally ignored the Federal Statute and proceeded to enter exhibits into the Court record including Third Party Defendant Kurt Bickes' redacted "Affidavit As To Attorney Fees" and James Jackson's redacted "Affidavit Of Attorney Fees" both illegally submitted into the record of a case that has been removed from the jurisdiction of the state Court; and therefore Third party Defendants' actions were intended to and did, cruelly harm, harass and intimidate the Mother and Petitioner Amy Joan Schneider.

On April 19, 2005, Judge Albert Webber, who had lost jurisdiction, held an illegal hearing in his courtroom. Judge Webber participated with the opposing attorneys/Third Party Defendants to examine and in fact badger the Mother, who is acting pro se, wherein he proceeded to make statements and ask the Mother Amy Joan Schneider, among other things, the following questions:

    a.   "The only matter set to be heard today is sanctions"

    b.   "I am not hearing any other matters today except for sanctions"

    c.   "I want to let you [assistant attorney general Krsek] know that I am not hearing the motion to amend the third parties today, I am only hearing the sanctions issues ... You are welcome to stay if you wish, I will leave that decision up to you..."

    d.   "under statute you cannot remove this to Federal court...you cannot do that in a guardianship issue...today's matters are not dealing with the same parties..."

    e.   "under FRCP 1446 there is nothing to base a removal...you cannot simply file

something because you are dissatisfied with the rulings…"

f. "Are you responsible for writing these pleadings? … Who authored these pleadings?"

g. "You were the one who decided to file this in the state court. … There have been no orders entered by the district court…"

h. "…it is a fundamental matter that a court can determine its own jurisdiction…"

i. "You already stated that you are responsible for the all of the contents in your pleadings, and it was your decision to file these documents in the state court, not in the federal court, in the state court."

j. "You are saying that you are responsible for the content of your pleadings, and I am telling you that under 28 USC 1446 subparagraph e, removal of a civil action to federal court, which you stated, in your document, as a reason that this court no longer has jurisdiction in this matter, I am telling you, that FRCP 1446 (e) states that a party has thirty days from the commencement of the proceedings, which this case originated in what, November of 1993, is that correct, that you had thirty days, or until December or early January of 1994, to transfer this case to the Federal Court… that's fourteen years that have passed… this case has been in the state courts all that time, it's been to the appellate court, it's been to the Supreme Court, … I am asking you, because you quoted this rule in your complaint and in your notice of removal, which you take responsibility for writing, and I am asking you what it is in 1446(e) that makes you believe that this court cannot proceed in this matter."

k. "I am going to take your argument regarding the jurisdiction of this matter as an

oral motion to continue today's hearing. The motion is denied."

Based on notes and personal recollection, Judge Webber forced the Mother to take the witness stand and testify, and stated the following while Petitioner and Mother Amy Joan Schneider was on the stand to testify about the sanctions asked for by attorney Kurt Bickes:

l.  "On January 7, 2005, you filed a verified petition that accused the Court, me, of being a racist, and bribery, of accepting bribes, from these three individuals, (Judge Webber then pointing to attorneys Bourey, Jackson and Bickes),which is a felony. What proof do you have to support these allegations?"

m.  "On January 7, 2005, you filed a verified petition stating that the court, I, was accepting bribes from these three attorneys, a felony offense, and I am asking you what proof you have."

n.  "You have accused me and these three attorneys of bribery, of conspiracy, both of which are felonies. I am asking you what proof you have."

o.  "Each appeal that you filed asked for the return of your children…"

On April 19, 2005, Judge Albert Webber, who had lost jurisdiction, held an illegal hearing in his courtroom and forced the Mother to take the witness stand and testify wherein Judge Webber allowed, and participated with, the opposing attorneys/third party defendants to examine and in fact badger the Mother, who is acting pro se, wherein they proceeded to ask the Mother Amy Joan Schneider, among other things, the following questions:

p.  I didn't see anywhere where the state court remedies had to be exhausted.

q.  How many petitions for Writ of Mandamus have you filed?

r.  What is a Writ of Mandamus?

s.  Who authored your documents?

t. How many motions have you filed since the first appeal?

u. Do you write your own appeals?

v. Who writes your various motions that you file?

w. Who has helped you write your pleadings?

x. What help do you get in writing your pleadings?

y. Does Wayne Patterson write your pleadings?

z. Has Wayne Patterson helped you write your various motions?

aa. You haven't paid the fee to have the court record transferred for your appeal have you?

bb. You had no intention of paying the fee, did you?

cc. You own a house in Normal, don't you?

dd. Are you the only person on the deed?

ee. There isn't anyone else on the deed?

ff. That house is worth about $137,000 isn't it?

gg. You own some rental property in West Virginia don't you?

hh. And that property is worth about $250,000?

ii. And there is approximately $95,000 or so in equity isn't there?

jj. What is the address of the property?

kk. What is the street address of the property in West Virginia?

ll. What is the address of the property in West Virginia?

mm. Could you tell the court the address for the rental property?

nn. What city is the rental property in?

oo. And what state is the rental property in?

pp. What is the complete address for the rental property that you own?

qq. How many units are in the rental property in West Virginia?

rr. You are the only person on the deed for the rental property?

ss. Are you the only person on the title for the rental property in West Virginia?

tt. Has anyone else been added or taken off of the title for the rental property in the past month?

uu. Has anyone been added or taken off of the title for the rental property in the past two months?

vv. You purchased approximately $48,000 in photography equipment in 2001 didn't you?

ww. This is your 2001 tax return is it not?

xx. You claim to have assets of approximately $400,000 don't you?

yy. Did you ever pay your attorney fees in this matter?

zz. Did you fire him or did he fire you?

aaa. You hired an attorney for the appeal in this case didn't you?

bbb. Did you fire her or did she fire you?

On April 21, 2005 Judge Albert Webber was on notice that Macon County Illinois Probate Case No. 93-P-366 had been removed to the Federal District Court and that his state court had lost jurisdiction and *"shall proceed no further"* upon the filing of the Notice of Removal with the United States District Court; nevertheless on April 21, 2005 Judge Webber illegally issued an order and judgment "against Amy Joan Schneider in the amount of $45,251.42, and as a "sanction", summarily dismissed the natural mother Amy Joan Schneider Verified Petition to Terminate Guardianship of Karen Coates again without affording the Mother

7

a hearing and her guaranteed due process rights under the 14th Amendment to the United States Constitution. See ref. *Stanley v. Illinois* 405 U.S. 645 (1972).

On April 25, 2005 Judge Albert Webber was on notice that Macon County Illinois Probate Case No. 93-P-366 had been removed to the Federal District Court and that his court had lost jurisdiction and *"shall proceed no further"* upon the filing of the Notice of Removal; nevertheless, again on April 25, 2005 Judge Webber illegally issued an order on the court docket sheet which addressed Third Party Defendant Andrew Bourey's "report" to the court and set a hearing before Judge Albert Webber's court for June 9, 2005 at 9:30. (See attached docket sheet, Exhibit 1.)

The prohibited hearings and orders issued Judge Webber have in fact caused the petitioner Amy Joan Schneider, undue psychological and financial hardship and were clearly conducted to intimidate the Mother by various erroneous findings, rulings, sanctions, threats and accusations on the record by Third Party Defendants.

A proper filing of a notice of removal immediately strips a state court of its jurisdiction; even if a case is later remanded, it is under the sole jurisdiction of the federal court from the time of filing until the court remands it back to state court. 28 U.S.C.A. § 1446(a, d). *In re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002).

Thus, in *Master Equipment, Inc. v Home Ins. Co.* (1972, DC Pa) 342 F Supp 549, the court stated that where the defendant had filed a proper removal petition and had forwarded a copy thereof to counsel for plaintiffs, then upon filing of the copy of the petition for removal by the defendant with the clerk of the state court jurisdiction became solely that of the federal court, and the state court was without jurisdictional grounds to proceed any further with the controversy.

WHEREFORE Petitioner Amy Joan Schneider hereby respectfully requests that this United States District Court enter an order enjoining the Honorable Albert G. Webber IV from conducting any further hearings and issuing any other orders in this matter until such time jurisdiction is returned to him by this court, and for any other relief deemed just and proper.

Respectfully submitted,

*Amy Joan Schneider*
Amy Joan Schneider
*Pro Se Litigant*
205 Saratoga Road
Normal IL  61761
(309) 452 – 7466

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document in the above-captioned matter was deposited in the United States mail, first-class postage prepaid, addressed to:

> The Honorable JOHN K. GREANIAS in his
> Individual, as well as, Official Capacity
> 253 E. Wood Street, Courtroom 3A
> Decatur, Illinois 62523
>
> The Honorable ALBERT G. WEBBER IV, in his
> Individual, as well as, Official Capacity
> 253 E. Wood Street, Courtroom 6B
> Decatur, Illinois 62523
>
> The Honorable SCOTT B. DIAMOND, in his
> Individual, as well as, Official Capacity
> 253 E. Wood Street, Courtroom 6A
> Decatur, Illinois 62523
>
> JAMES T. JACKSON
> *Third Party Defendant*
> 225 N. Water Street, Suite 301
> Decatur, Illinois 62525-1400

BRIDGET C. HOGAN
*Third Party Defendant*
225 N. Water Street, Suite 301
Decatur, Illinois 62525-1400

ANDREW BOUREY
*Third Party Defendant*
101 S. Main Street, Suite 501
Decatur, Illinois 62523

KURT B. BICKES
*Third Party Defendant*
101 S. Main Street, Suite 600
Decatur, Illinois 62523

BENITO DITERLIZZI
C/O KURT B. BICKES
*Third Party Defendant*
101 S. Main Street, Suite 600
Decatur, Illinois 62523

DAN COATES AND KAREN COATES
4305 Travis St.
San Angelo, TX 76903

on this 26th day of April 2005.

Respectfully submitted,

Amy Joan Schneider
*Petitioner - Pro Se Litigant*
205 Saratoga Road
Normal, IL 61761
(309) 452 - 7466