```
4/21/05   PAGE   33
```

1993P 000366M 001

```
ENTERED    JDG CR  TEXT                                                      CHANGED   USER
```

4/21/2005 AGW     Cause removed from advisement.  This matter comes for hearing on the
                  second and third Motions for Sanctions, pursuant to Supreme Court
                  Rule 137 filed by the former guardian, Benito Diterlizzi (Benito)
                  directed to pleadings filed by Amy Joan Schneider (Amy).  The
                  procedural history of this litigation is well-known to the
                  parties and need not be reviewed in detail.  In summary form, on
                  June 23, 2003 this Court, in an order entered by Judge Scott B.
                  Diamond, denied Amy's Petition to Terminate Benito's guardianship
                  (dating from 1994) of Amy's two older children, K.G.S. and J.M.S.
                  On July 21, 2003, Amy, pursuant to Supreme Court Rule 303 filed her
                  notice of appeal of Judge Diamond's order.  In an opinion filed
                  March 30, 2004, the Fourth District Appellate Court affirmed
                  Judge Diamond's order and remanded the case with directions.  In re:
                  K.G.S. et al, 347 Ill. App. 3d. 452 (4th Dist. 2004)  Amy filed a
                  Petition for Leave to Appeal to the Illinois Supreme Court.  That was
                  denied by the Supreme Court on October 6, 2004, with the mandate to
                  issue to the Appellate Court on October 28, 2004.  On November 3,
                  2004, the mandate of the Appellate Court was received concluding the
                  appeals process commenced by Amy in July 2003.  On March 1, 2005,
                  this Court entered an order, in compliance with the direction on
                  remand from the Appellate Court, terminating Benito's guardianship
                  and appointing Karen Coates (Amy's sister) as successor guardian of
                  the children.  While this process as described above moved toward
                  what, in the ordinary course of litigation would be a final
                  determination of the parties positions, Amy continued to file
                  pleadings in the trial court, Appellate Court and Supreme Court.
                  Four additional appeal attempts were made to the Appellate Court on
                  the issue of Benito's guardianship.  Three additional Petitions for
                  Leave to Appeal were addressed to the Supreme Court, as well as
                  Petitions for Order of Mandamus, Prohibition, and Supervisory orders.
                  All such pleadings were summarily dismissed by the Appellate and
                  Supreme Courts.  Amy admitted to filing "15 to 20" pleadings in the
                  trial court, once again seeking the relief of termination of
                  Benito's guardianship and restoration of the children to her custody.
                  Benito suggests that 64 such pleadings were filed by Amy, and a
                  review of the record reveals this is a more accurate figure.  The
                  common law record now runs to tens of thousands of pages, and takes
                  up many feet of space on the clerk's shelves.  All of this paper was
                  generated by Amy, or filed by Benito and the other parties in
                  response to Amy's pleadings.  The burden placed by Amy on the Court
                  and opposing parties beggers description.  The only reported case
                  of some similarity is Witttekind v. Rush, 253 Ill. App. 577 (3d. Dist.
                  1993) appeal denied 155 Ill. 2nd 577 (1993), which involved a pro se
                  litigant seeking post-judgment relief in contravention of procedural
                  rules.  But Wittekind represented only one errant pleading.  Here,
                  Amy continued (and continues) to file pleadings seeking to terminate
                  the guardianship despite continued and repeated admonishment of
                  Judge Diamond and this Court.  In December 2003, Judge Diamond
                  assessed Amy $1,170.00 in attorney's fees for continuing to petition
                  the trial court for termination of Benito's guardianship while Amy
                  herself pursued an appeal of just this very issue.  Yet it continued,
                  and does to this day.  The only change has been that Amy has chose
                  to become increasingly strident in her pleadings, crossing the line
                  from zealous advocacy to insult, invective, vituperation, and
                  finally unfounded accusations of criminal conduct by the Court,
                  several of its Judges, and counsel.  To cite but one example, in
                  a pleading filed on January 10, 2005, again seeking to terminate
                  Benito's guardianship, Amy alleged the Court and trial counsel were
                  engaged in a "racist conspiracy" to pay and accept bribes to rule
                  against Amy's pleadings.  Amy testified at the sanctions hearing she
                  was in possession of no facts whatsoever to substantiate her
                  allegations of felonious conduct.  Her pleadings are liberally filled
                  with accusations the Court and counsel "engaged in a conspiracy",
                  "committed perjury", "obstructed justice", "kidnapped", "running a
                  Jim Crow-style court", "deliberate falsification of court records"

Exhibit 1 — Prelim. Inj.

1993P 000366M 001

```
------------------------------------------------------------------------
ENTERED   JDG CR  TEXT                                    CHANGED  USER
------------------------------------------------------------------------
```
                and repeated violations of unnamed state and federal statutes.  No
                affidavits, documents, statements, or any other evidence was ever
                offered by Amy to substantiate the repeated scurrilous allegations
                contained in her pleadings.  Amy testified at the sanctions hearing
                she prepared all of her pleadings personally, read them, and
                understood the contents of them.  The Court finds the following
                pleadings were filed by Amy in violation of Supreme Court Rule 137
                in that each sought to relitigate a matter previously decided by this
                Court (and on appeal at Amy's instance from July 21, 2003 until
                October 28, 2004), and as a sanction are stricken:  Motion for Order
                Authorizing the Issuance of Subpoena for Financial Records of
                Kurt Bickes, Certificate of Service, Motion for Order Authorizing the
                Issuance of Subpoena for Financial Records of Bridget
                Hogan, Certificate of Service, Notice of Hearing, Certificate of
                Service, Emergency Motion for Order Authorizing the Issuance of
                Subpoena for Mental Health Records and Authorizing the Evidence
                Depositions of Sterling Gillis, M.D., Clyde Henke, M.D., Gailen Smith,
                RN, W. Truett Smith, Jr., Ph.D. and Rose Ingala, M.D. and Emergency
                Motion for Order Authorizing the Issuance of Subpoena for Mental
                Health Records and Authorizing the Evidence Depositions of James Yost,
                M.D., James Neill, M.D., Robert Danbert, M.D., Donald Cook, M.D.,
                George Wolff, M.D., Kenneth Hart, M.D., and Rodney Horton, M.D.
                Parent Amy J. Schneider's Motion for Injunctive Relief, filed
                January 20, 2004.  Parent Amy J. Schneider's Third Motion
                for Emergency Injunctive Relief.  Memorandum of Law in Support of
                the Mother's Motion to Dismiss the Petition of Dan and Karen Coates,
                filed May 12, 2004.  Petitioner Amy J. Schneider's Fifth Objection to
                Respondent's Inadequate Notice of Hearing and Motion to Strike
                Notice, Notice of Filing and Copies of Mother's Second Amended
                Petition to Define and Clarify Guardianship, Guardianship Agreement,
                and Expiration of Guardianship Agreement or in the Alternative to
                be Named Successor Guardian of Joshua Sliney and Kaela Sliney's
                Persons and Estate, filed May 18, 2004.
                Parent Amy J. Schneider's Motion for Leave to Take the Evidence
                Depositions of Sergeant David Stephens, Sergeant Jeffery Longfellow,
                Administrator Roger Orr and Sergeant Robert Hospelhorn of the Town of
                Normal, Illinois Police Department and Notice of Hearing, filed
                August 6, 2004.  Parent Amy J. Schneider's Leave to File Motion for
                Protective Order, Jurat, Parent Amy J. Schneider's Leave to File
                Petition to be Named Short Term Guardian of Her Two Minor Caucasian
                Children, filed August 9, 2004.  Petitioner Amy Joan Schneider's
                Response and Opposition to Benito, Dan and Karen's Motion for
                Sanctions and Motion for Contempt Against Petitioner Amy Joan
                Schneider, filed August 23, 2004.  Leave for Mother Amy J. Schneider's
                Petition to Terminate Guardianship of Benito DiTerlizzi, filed
                September 9, 2004.  Amy J. Schneider's Motion for Leave to Cross
                Examine Andrew Bourey Regarding Andrew Bourey's March 11, 2004
                Testimony Against the Mother in Support of Dan, Benito and Karen's
                Motion to Suspend the Mother's Visitation with the Mother's Two
                Minor Caucasian Children, filed September 29, 2004.  Petitioner
                and Parent Amy J. Schneider's Emergency Motion for Leave to Strike
                Garnishment Pending Hearing on December 18, 2004 Post-Judgment
                Motion and for Sanctions and Protective Order, filed October 18,
                2004.  Petitioner and Parent Amy J. Schneider's Leave of Emergency
                Motion to Strike Memorandum of Judgment Pending Hearing on December 8,
                2003 Post-Judgment Motion and for Sanctions and for Protective Order,
                Petitioner and Parent Amy J. Schneider's Leave for October 20, 2004
                Emergency Motion for Temporary Restraining Order and Parent Amy Joan
                Schneider's Leave for Motion to Expedite Proceedings on Mother's
                August 30, 2004 Verified Petition to Terminate the Guardianship
                of Benito DeTerlizzi, filed October 22, 2004.  Paernt Amy J.
                Schneider's Verified Emergency Mtoion to Return the Mother's Two
                Minor Children, Mother Amy J. Schneider's Verified Emergency
                Petition to Terminate Guardianship of Benito DiTerlizzi, Mother's
                Verified Emergency Motion to Dismiss the Petition of Dan and Karen
                Coates for Custody/Guardianship of the Mother's Two Children and for

1993P 000366M 001

```
ENTERED     JDG CR   TEXT                                                        CHANGED    USER
```

|          |                                                                               |
|----------|-------------------------------------------------------------------------------|
|          | Immediate Injunctive Relief, Memorandum in Support of Mother's Verified Emergency Bill of Injunction to Return Petitioner's Two Minor Children, Parent Amy J. Schneider's Emergency Motion to Define and Clarify this Court's Jurisdiction and Authority to Grant Care, Custody and Control of the Mother's Children to Unidentified Short Term Guardians Past the Fourth District Mandated Period of One Year, to Hold the Mother's Children in Texas for 29 Months While Permitting the Guardian to Maintain his Guardianship and to Violate Illinois Statute and this Court on August 9, 2004 Citing the Authority Vested to this Court by the Fourth District Court's March 30, 2004 Opinion Giving this Court the Discretion to Supersede and Disregard the Mother's Constitutional Parental Rights, the Language of the Controlling Statutes and Mandates of the Illinois Probate Act, Marriage and Dissolution Act, and Uniform Child Custody Act, Parent Amy J. Schneiders Verified Emergency Petition to be Named Short Term Guardian of Her Two Minor Caucasian Children, Mother Amy Joan Schneider's Verified Emergency Motion to Add a Party, Parent Amy J. Schneider's Verified Emergency Motion to Define Guardianship and for Rule to Show Cause, Mother Amy J. Schneider's Verified Emergency Motion to Dismiss Guardian's Motion for Visitation Bond and Mother's Verified Emergency Motion to Define this Court's Jurisdiction with Regard to Standing and Visitation of the Mother's Two Minor Children Between Non Parents Dan and Karen Coates and the Mother Amy Joan Schneider, filed January 10, 2005.  Mother's Verified Emergency Motion for Judgnent on the Pleadings, filed January 19, 2005.  Emergency Motion for Order Authorizing the Issuance of Subpoena for Mental Health Records and Authorizing the Evidence Depositions of James Yost, M.D., James Neill, M.D., Robert Danbert, M.D., Donald Cook, M.D., George Wolff, M.D., Kenneth Hart, M.D. and Rodney Horton, M.D., Emergency Motion for Order Authorizing the Issuance of Subpoena for Mental Health Records and Authorizing the Evidence Depositions of Sterling Gillis, M.D., Clyde Henke, M.D., Gailen Smith, RN, W. Truett Smith, Jr., Ph.D. and Rose Ingala, M.D. and Emergency Motion to Strike Nomination, filed January 24, 2005.  Emergency Petition to Intervene, filed January 25, 2005.  Verified Emergency Petition to Terminate Guardianship of Karen Coates, filed February 8, 2005.  Amy J. Schneider's Response to Andrew Bourey's Recommendation and Emergency Motion to Strike the Recommendation and Replace Andrew Bourey, filed March 8, 2005.  As a further sanction, the Court assesses the attorney's fees incurred by Benito in necessarily responding to these pleadings, as well as the various dismissed appeals.  It should be carefully noted this does not include attorney's fees incurred by Benito in the original litigation or first appeal to both the Appellate Court and Supreme Court.  These fees and costs amount of $45,251.42 as detailed in the Affidavit of Benito's counsel, Kurt B. Bickes, which the Court finds to be reasonable and necessary.  Judgment is therefore entered in favor of Benito DiTerlizzi and against Amy Joan Schneider in the amount of $45,251.42.<br>CLERK directed to send a copy of this docket entry to the parties. |
| 4/21/2005 | Assignment of Out-of-Circuit Judge filed. (Cc) |



**Kathy A. Hott**
*Circuit Clerk*
Macon County Courthouse
253 East Wood Street
Decatur, IL 62523

93-P-366

Amy J. Schneider
205 Saratoga Rd
Normal, Il 61761

1993P 000366M 001

```
------------------------------------------------------------------------
ENTERED     JDG CR  TEXT                                          CHANGED  USER
------------------------------------------------------------------------
4/25/2005           Emergency Motion for Stay of Proceedings and To Vacate Judgement
                    Order filed. (cc)
                    ----------------------------------------------------
4/25/2005   AGW     The Final Report of the Guardian ad Litem is received by the Court.
                    Based on the Final Report, and the Court's Order of March 1, 2005,
                    the Guardian ad Litem is discharged.  Cause is set for hearing on
                    the Petition for Guardian ad Litem fees on June 9, 2005, at 9:30
                    a.m., courtroom 6B.
                    CLERK directed to send a copy of this entry to all interested
                    parties.
                    ----------------------------------------------------
```

**Kathy A. Hott**
*Circuit Clerk*
Macon County Courthouse
253 East Wood Street
Decatur, IL 62523

93-P-366

6176141315 60

Amy J. Schneider
205 Saratoga Rd
Normal, Il 61761